The Chiee Justice
delivered the opinion of the court:
The defendant was convicted in the Supreme Court of th e *426 District, holding a criminal term, upon an indictment for perjury, and after verdict she filed her motion in arrest of judgment* which motion was certified to this court by the justice holding the special term for hearing in the first instance.
The alleged false swearing upon which perjury is assigned, as shown in the indictment, was in a certain criminal case in the Police Court of the District of Columbia, wherein the defendant was prosecuted on an information for the crime of receiving stolen goods, and in which the defendant testified in her own behalf. This raises two questions at least. Whether the crime of receiving stolen goods is to be regarded as one of the petty offenses on the trial -of which the defendant would be entitled to a jury under the Constitution is a question. The classification of this crime depends upon the construction of the statute of March 3, 1891, relating to the Police Court of the District of Columbia. Section 2 of the act referred to, is as follows: “That prosecutions in the Police Court shall be on information by the proper prosecuting officer.
“In all prosecutions within the jurisdiction of said court in which, according to the Constitution of the United States, the accused would be entitled to a jury trial, the trial shall be by jury.
“And also in all prosecutions in which such persons would not be by force of the Constitution of the United States entitled to a trial by jury, but in which the fine or penalty may be fifty dollars or more, or imprisonment for thirty days or more, the trial shall be by jury unless the accused shall, in open court, expressly waive such trial by jury and consent to a trial by the judge, in which case the trial shall be by such judge, and the judgment and sentence shall have the same force and effect in all respects as if the same had been entered and pronounced on the verdict of a jury.”
Now, if the crime of receiving stolen goods with which the defendant was charged in the Police Court is one of the petty offenses under the Constitution, where the defendant was not entitled to a trial by jury, and came within the second pro *427 vision of section 2 of the act aforesaid, she would be entitled to a jury, but might waive it. But if this be a crime, as was settled by the Callan case, wherein the party charged is entitled to trial by jury, then it comes within the first clause of the second section.
It is said by Blackstone that receiving stolen goods, knowing them to have been stolen, is a high misdemeanor at common law and punishable at common law by fine and imprisonment. 4 Blackstone’s Commentaries, p. 38 and p. 132. Receiving stolen goods was a misdemeanor at common law, prosecuted upon indictment, and under certain Rnglish statutes the receiver was prosecuted in some cases as accessory to the felony or larceny. The crime was always triable by a jury.
Receiving stolen goods was an offense at common law punishable by fine and imprisonment. Desty’s American Criminal Raw, section 147.
We think it quite clear that the crime of receiving stolen goods is not to be regarded as one of the petty offenses which under the Constitution, are not to be tried by jury, and this case comes within the rule laid down by the Supreme Court in Callan vs. Wilson, as followed by us in the case of Addison Day and other cases disposed of by this court. But it is insisted, that as this case was tried after the passage of the Act of Congress which gave to the Police Court a jury with power to try a party by j ury, and inasmuch as this party at the time she was tried for receiving stolen goods in the Police Court had the choice of being tried by a jury if she so desired, that she might waive a jury if she saw proper and submit to be tried by the court. A number of decisions are cited by counsel for the Government from the different States in support of this position. It is claimed, and perhaps it is true, that a majority of the States have held that a jury trial might be waived. We believe that the Supreme Court of the United States has not passed upon this question. Two cases decided by the Circuit Courts of the United States have been brought to our attention, one holding that a jury might be waived and another that it may not be waived. But we have *428 a very different question here. It is, whether the Police Court has the jurisdiction conferred upon it by the first clause of the section before referred to, to try a case of this character without a jury. That court has no jurisdiction to try an offense either with or without a jury except under the authority of this section: “In all prosecution within the jurisdiction of said courts in which, according to the Constitution of the United States, the accused would be entitled to a jury trial, the trial shall be by jury.” We regard this as an imperative provision that in all prosecutions where the party is entitled under the Constitution of the United States to trial by jury, the trial shall be by jury in the Police Court. Then follows another provision that in cases where the party is not entitled to a jury he shall have a jury if he demands it or if he does not waive it, provided that imprisonment for the offense is over thirty days and the fine to be assessed exceeds fifty dollars, clearly showing that it was the intention of Congress to specify precisely in this section under what conditions the court might try a case without a jury. To wipe out all confusion and make the distinction perfectly clear, they have said that in all cases where the party was entitled to a trial by jury under the Constitution he should be tried by a jury, and there is no power given to the Police Court to try in any other way. It is suggested by counsel that notwithstanding the Police Court did not have jurisdiction to-try this case, that she might have objected to it in a direct proceeding in error, or on appeal; yet, when it came in question on her trial for perjury in the criminal court upon an indictment found in that court, that her false swearing might nevertheless be regarded as perjury because the Police Court might be regarded as having jurisdiction over the crime of receiving stolen goods when thus called in question collaterally. But we think • it is very well settled, the authorities seeming to be uniform upon that point, that when perjury is assigned to have been committed in the course of a trial in any court, that the court in which the trial is held, where the perjury is alleged to have been committed, must have had jurisdiction of the action or prosecu *429 tion in which the oath was taken, and that unless the court had jurisdiction to try and dispose of the case, perjury cannot be assigned. We therefore hold that it was essential that the Police Court should have had jurisdiction to try the case without a jury at the time the oath was administered to the defendant, and not having that jurisdiction, and the oath having been administered upon a trial by the .court, perjury cannot be assigned upon any alleged false statement which she may have made in giving her testimony in the case.
The motion in arrest of judgment will be sustained and the case remanded to the Criminal Court, with instructions to discharge the defendant.